# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR, III, | Case No. 1:21-cv-00560-NONE-SKO |
| Plaintiff, | ORDER VACATING AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| v. | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| OFFICER CRU, et al., | |
| Defendants. | (Docs. 2 & 4) |
| | **FOURTEEN (14) DAY DEADLINE** |

On April 2, 2021, Plaintiff David Sabino Quair, III ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("Section 1915") (Doc. 2). On April 8, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 4.) As Plaintiff has at least three "strikes" under Section 1915(g), the amended order granting leave to proceed *in forma pauperis* (Doc. 4) will be vacated.

As a state prisoner, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court notes that Plaintiff claims to have filed more than fifty lawsuits while incarcerated. (Doc. 1 at 2.) The Court also takes judicial notice of the following eight United States District Court Cases: (1) *Quair v. CDCR HQ*, No. 2:19–cv–01106–KJM–DB (E.D. Cal.) (dismissed January 21, 2021, for failure to state a claim); (2) *Quair v. CDCR-HQ*, No. 5:18–cv–02595 PSG (ADS) (C.D. Cal.) (dismissed January 21, 2021, for failure to state a claim); (3) *Quair v. Speer*, No. 3:20–cv–00222–JD (N.D. Cal.) (dismissed June 22, 2020, for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim); (4) *Quair v. San Mateo Cty. Jail*, No. 3:19–cv–08421–JD (N.D. Cal.) (dismissed March 9, 2020, for failure to state a claim); (5) *Quair v. Brown*, No. 3:20–cv–00716–JD (N.D. Cal.) (dismissed April 17, 2020, for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim); (6) *Quair v. San Mateo Cty. Jail*, No. 3:19–cv–08463–JD (N.D. Cal.) (dismissed April 30, 2020, for failure to state a claim); (7) *Quair v. United States Dist. Ct.*, No. 8:19–cv–02392–JLS–DFM (C.D. Cal.) (dismissed February 28, 2020, as frivolous); and (8) *Quair v. CDCR–Office of Internal Affairs*, No. 3:19–cv–03136–JD (N.D. Cal.) (dismissed November 6, 2019, for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim).[1] Each of these eight cases constitutes a "strike" under Section 1915(g) because the cases were dismissed either as frivolous or for failure to state a claim before Plaintiff initiated the current action on April 2, 2021. Thus, as Plaintiff has at least three strikes, he is precluded from proceeding *in forma pauperis* unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to Section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff raises claims regarding denial of access to courts, retaliation, and failure

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

to safeguard his property. (Doc. 1.) There are no allegations in the complaint that Plaintiff was in any imminent danger of serious physical injury at the time the complaint was filed. (*See* Doc. 1.) Thus, Plaintiff has not satisfied the exception from the "three strikes" bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, the Court hereby VACATES the amended order granting Plaintiff's application to proceed *in forma pauperis* (Doc. 4).

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2021**                        /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE