# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR, III,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CRU, et al.,<br><br>Defendants. | Case No. 1:21-cv-00560-NONE-SKO<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE |

On April 2, 2021, Plaintiff David Sabino Quair, III ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) and requested leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 ("Section 1915") (Doc. 2). On April 21, 2021, the undersigned vacated the amended order granting Plaintiff's IFP application (*see* Doc. 4) and issued findings and recommendations that the IFP application be denied, because prior to filing suit, Plaintiff had accrued more than three "strike" dismissals under Section 1915(g). (Doc. 5.) Furthermore, Plaintiff's complaint failed to show that Plaintiff was under imminent danger of serious physical injury at the time he filed this action. (*See id.* at 2–3.) No objections to the findings and recommendations were filed. (*See* Docket.)

On June 28, 2021, the presiding district judge adopted the findings and recommendations in full, denied Plaintiff's IFP application, and directed Plaintiff to pay the filing fee of $402 within 30

days of the date of service of the order.[1] (Doc. 6.) When served at Plaintiff's address of record, the June 28, 2021 order was returned as undeliverable on July 7, 2021. (*See* Docket.)

Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b).

The Local Rules also provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R.110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than 63 days have passed since the U.S. Postal Service returned the Court's June 28, 2021 order, Plaintiff has failed to notify the Court of his current address. Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge

---

[1] The order was signed on June 25, 2021, and docketed on June 28, 2021.

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 27, 2021**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE